IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.      1:23-CV-01349-SP

RICHARD GRIGSBY,
CHERYL GRIGSBY, AND
ROCKY MOUNTAIN MEMORIES, INC.

    Plaintiffs,

v.

ESTES PARK, COLORADO, A COLORADO MUNICIPAL CORPORATION

    Defendant.

## DEFENDANT'S PARTIAL ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendant, Estes Park, Colorado (the "Town"), by and through its attorneys at Nathan Dumm & Mayer P.C., hereby submit its Partial Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief [Doc. 1] as follows:

1. The Town denies the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2. The Town denies the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. The Town denies the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. With reference to the allegations contained in paragraph 4 of Plaintiffs' Complaint, the Town admits that Ordinance 02-22 imposed a regulatory linkage fee (the "Fee")

on short-term rental properties. The Town avers the Ordinance and Title 5 speak for themselves and deny any allegations inconsistent with the plain language of the Ordinance and Code. The Town denies all remaining allegations or inferences contained in this paragraph.

5. With reference to the allegations contained in paragraph 5 of Plaintiffs' Complaint, the Town avers that the Root Policy Research study speaks for itself and denies any allegations inconsistent with the plain language of that document. The Town admits that the Fee is assessed against short-term rental properties, as that term is defined in Title 5. The Town denies the remaining allegations contained in this paragraph.

6. With reference to the allegations contained in paragraph 6 of Plaintiffs' Complaint, the Town admits it is a statutory town and that is generally considered a tourist destination. With reference to the remaining allegations contained in this paragraph, the Town avers they are legal conclusions, to which no response is required. To the extent a response is required, the Town denies the allegations contained therein.

7. With reference to the allegations contained in paragraph 7 of Plaintiffs' Complaint, the Town avers the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Town denies the allegations contained therein.

8. With reference to the allegations contained in paragraph 8 of Plaintiffs' Complaint, the Town avers the cited statute speaks for itself and denies any allegations inconsistent with the plain language of the statute. The Town denies any inference or valid legal argument raised by Plaintiff regarding the referenced statute's effect on the Town's Fee.

9. With reference to the allegations contained in paragraph 9 of Plaintiffs' Complaint, the Town admits that *Colorado Union of Taxpayers Foundation v. City of Aspen*, 418

P.3d 506 (2018) is referenced in Title 5 with respect to the impact fee and that the legal conclusions established in that case speak for themselves. The Town denies any other allegations in this paragraph.

10. With reference to the allegations contained in paragraph 10 of Plaintiffs' Complaint, the Town avers the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Town avers that the case cited speaks for itself. The Town currently has insufficient information to admit or deny Plaintiff's allegation regarding Aspen's power to support certain programs and, therefore, at this time denies the same.

11. With reference to the allegations contained in paragraph 11 of Plaintiffs' Complaint, the Town admits that it is a statutory town and that Aspen is a home rule municipality. The Town further avers that Title 5 speaks for itself and denies any allegations inconsistent with the plain language of the Code. The Town denies all remaining allegations contained in this paragraph.

12. With reference to the allegations contained in paragraph 12 of Plaintiffs' Complaint, the Town avers that Title 5 speaks for itself and denies any allegation inconsistent with the plain language of the Code.

13. With reference to the allegations contained in paragraph 13 of Plaintiffs' Complaint, the Town avers that Title 5 speaks for itself and denies any allegation inconsistent with the plain language of the Code. The Town also denies the inference or argument, whether legal or factual, that Plaintiffs derive from their reading of the Code.

14. The Town denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. The Town denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. The Town denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. With reference to the allegations contained in paragraph 17 of Plaintiffs' Complaint, the Town avers that Title 5 speaks for itself and denies any allegations inconsistent with the plain language of the Code.

18. With reference to the allegations contained in paragraph 18 of Plaintiffs' Complaint, the Town avers that the Root Study speaks for itself and denies any allegations inconsistent with the plain language of the study. The Town admits that it relied upon the study in assessing the Fee at issue. The Town denies the remaining allegations contained in this paragraph.

19. With reference to the allegations contained in paragraph 19 of Plaintiffs' Complaint, the Town avers that the Root Study speaks for itself and denies any allegations inconsistent with the plain language of the study. The Town denies the remaining allegations contained in this paragraph.

20. The Town denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. With reference to allegations contained in paragraph 21 of Plaintiffs' Complaint, the Town avers the statute cited speaks for itself and denies any allegations inconsistent with the plain language of the statute. The Town denies any inference or legal argument raised by Plaintiff regarding the statute's effect on the Town's Fee.

22. With reference to allegations contained in paragraph 22 of Plaintiffs' Complaint, the Town avers the statute cited speaks for itself and denies any allegations inconsistent with the plain language of the statute. The Town denies any inference or legal argument raised by Plaintiff regarding the statute's effect on the Town's Fee.

23. With reference to allegations contained in paragraph 23 of Plaintiffs' Complaint, the Town avers the statute cited speaks for itself and denies any allegations inconsistent with the plain language of the statute. The Town denies any inference or legal argument raised by Plaintiff regarding the statute's effect on the Town's Fee.

24. With reference to allegations contained in paragraph 24 of Plaintiffs' Complaint, the Town avers the statute cited speaks for itself and denies any allegations inconsistent with the plain language of the statute. The Town denies any inference or legal argument raised by Plaintiff regarding the statute's effect on the Town's Fee.

25. With reference to the allegations contained in paragraph 25 of Plaintiffs' Complaint, the Town admits that Richard and Cheryl Grigsby are residents of the Town and claim to own three cabins within the residential limits of Town. With reference to Plaintiffs' allegations regarding the ownership and structure of their business, Rocky Mountain Memories, Inc., the Town currently lacks sufficient information to admit or deny those allegations and therefore denies the same. The Town admits that Plaintiffs had licenses to operate the three cabins as short-term rentals – licenses that are valid for only one year and must be properly renewed each year pursuant to the Town's Code. The Town further admits that as part of operating short-term rentals, Plaintiffs were required to obtain building permits and pay annual fees. The Town denies any remaining allegations contained in this paragraph.

26.     With reference to the allegations contained in paragraph 26 of Plaintiffs' Complaint, the Town admits that it received a letter from Richard Grigsby on January 4, 2023, in which he claimed to protest Ordinance No. 02-22 as it pertained to his property. The Town denies all remaining allegations contained in this paragraph.

27.     With reference to the allegations contained in paragraph 27 of Plaintiffs' Complaint, the Town admits that Plaintiffs attempted to pay a portion of the 2023 license fee for all three cabins and paid the full license fee, including the vacation home workforce housing regulatory linkage fee, for only two cabins, intentionally failing to pay the linkage fee component of the license fee for Cabin #3. With reference to the remaining allegations contained in paragraph 27 of Plaintiffs' Complaint, the Town avers the Grigsbys' written correspondence to the Town speaks for itself. The Town denies any allegation that Plaintiffs are entitled to further process than what they received or relief under Ordinance No. 02-22 or the Code generally.

28.     The Town denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.     With reference to the allegations contained in paragraph 29 of Plaintiffs' Complaint, the Town avers that Ordinance No. 16-21 speaks for itself and denies any allegations inconsistent with the plain language of the Ordinance. The Town admits that there is a waiting list for short-term rental licenses in residential zones. The Town denies the remaining allegations contained in this paragraph.

30.     With reference to the allegations contained in paragraph 30 of Plaintiffs' Complaint, the Town admits that Plaintiffs attempted to pay the full licensing fee, including the linkage Fee, for Cabin #3 after the deadline – for which there is no mechanism under the Town

Code for short-term rentals. Contrary to the allegations in this paragraph, there is no grace period for the renewal of short-term rental licenses. The Town admits that it informed the Plaintiffs that their late payment was not accepted. The Town denies any remaining allegations contained in this paragraph.

31. The Town denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32. With reference to the allegations contained in paragraph 32 of Plaintiffs' Complaint, the Town admits that Richard and Cheryl Grigsby are Town residents. With reference to the remaining allegations contained in this paragraph, the Town currently lacks sufficient information to admit or deny the allegations contained therein and therefore denies the same.

33. The Town admits the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34. With reference to the allegations contained in paragraph 34 of Plaintiffs' Complaint, the Town does not dispute this Court's jurisdiction but denies any inference of a valid claim.

35. With reference to the allegations contained in paragraph 35 of Plaintiffs' Complaint, the Town does not dispute this Court's jurisdiction but denies any inference of a valid claim.

36. With reference to the allegations contained in paragraph 36 of Plaintiffs' Complaint, the Town avers the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Town denies the allegations contained therein.

37. With reference to the allegations contained in paragraph 37 of Plaintiffs' Complaint, the Town avers the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Town does not dispute this Court's jurisdiction but denies any inference of a valid claim.

38. With reference to the allegations contained in paragraph 38 of Plaintiffs' Complaint, the Town does not dispute venue but denies any inference of a valid claim.

39. With reference to the allegations contained in paragraph 39 of Plaintiffs' Complaint, the Town avers the allegations are prefatory in nature and therefore no response is required. To the extent a response is required, the Town denies that Plaintiffs claims are valid or that they are entitled to any relief.

40. With reference to the allegations contained in paragraph 40 of Plaintiffs' Complaint, the Town avers the allegations are prefatory in nature and therefore no response is required. To the extent a response is required, the Town denies that Plaintiffs claims are valid or that they are entitled to any relief.

41. With reference to the allegations contained in paragraph 41 of Plaintiffs' Complaint, the Town avers the allegations are prefatory in nature and therefore no response is required. To the extent a response is required, the Town denies that Plaintiffs claims are valid or that they are entitled to any relief.

42. With reference to the allegations contained in paragraph 42 of Plaintiffs' Complaint, the Town avers the allegations are prefatory in nature and therefore no response is required. To the extent a response is required, the Town denies that Plaintiffs claims are valid or that they are entitled to any relief.

43. With reference to the allegations contained in paragraph 43 of Plaintiffs' Complaint, the Town incorporates its responses and defenses to the paragraphs incorporated therein.

44. With reference to the allegations contained in paragraph 44 of Plaintiffs' Complaint, the Town admits that it is a statutory town and that it is generally known as a tourist destination. With reference to the remaining allegations contained in this paragraph, the Town avers that the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Town denies the allegations contained therein.

45. With reference to the allegations contained in paragraph 45 of Plaintiffs' Complaint, the Town avers the statute cited speaks for itself. The Town denies that Plaintiffs are entitled to any relief under the statute.

46. With reference to the allegations contained in paragraph 46 of Plaintiffs' Complaint, the Town avers that the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Town denies the allegations contained therein.

47. With reference to the allegations contained in paragraph 47 of Plaintiffs' Complaint, the Town avers that the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Town denies the allegations contained therein.

48. With reference to the allegations contained in paragraph 48 of Plaintiffs' Complaint, the Town avers that the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Town denies the allegations contained therein.

49. The Town denies the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50. The Town denies the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51. With reference to the allegations contained in paragraph 51 of Plaintiffs' Complaint, the Town avers that the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Town denies the allegations contained therein.

52. The Town denies the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53. With reference to the allegations contained in paragraph 53 of Plaintiffs' Complaint, the Town avers that the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Town denies the allegations contained therein.

54. With reference to the allegations contained in paragraph 54 of Plaintiffs' Complaint, the Town avers that the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Town denies the allegations contained therein.

55. With reference to the allegations contained in paragraph 55 of Plaintiffs' Complaint, the Town avers that the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Town denies the allegations contained therein.

56. With reference to the allegations contained in paragraph 56 of Plaintiffs' Complaint, the Town denies that it collects a Fire Protection Fee as part of an intergovernmental agreement. With reference to the remaining allegations contained in this paragraph, the Town avers that the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Town denies the remaining allegations contained therein.

57. With reference to the allegations contained in paragraph 57 of Plaintiffs' Complaint, the Town avers the statute cited speaks for itself. The Town denies that Plaintiffs are entitled to any relief under the statute.

58. With reference to the allegations contained in paragraph 58 of Plaintiffs' Complaint, the Town avers the statute cited speaks for itself. The Town denies that Plaintiffs are entitled to any relief under the statute.

59. The Town denies the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60. The Town denies the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61. With reference to the allegations contained in paragraph 61 of Plaintiffs' Complaint, the Town incorporates its responses and defenses to the paragraphs incorporated therein.

62. With reference to the allegations contained in paragraph 62 of Plaintiffs' Complaint, the Town avers the constitutional provision cited speaks for itself. The Town denies that Plaintiffs are entitled to any relief under the provision.

63. With reference to the allegations contained in paragraph 63 of Plaintiffs' Complaint, the Town avers that the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Town denies the allegations contained therein.

64. The Town denies the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65. The Town denies the allegations contained in paragraph 65 of Plaintiffs' Complaint.

66. The Town denies the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67. The Town denies the allegations contained in paragraph 67 of Plaintiffs' Complaint.

68-184. With reference to the allegations contained in paragraph 68 through 184 of Plaintiffs' Complaint, the Town avers that these claims are subject to a partial motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) that is filed contemporaneously herewith and therefore no response is required. To the extent a response is required, the Town avers that the case law, statutes and constitutional provisions cited speak for themselves, that Title 5 speaks for itself and generally denies the allegations contained in these paragraphs.

185. The Town denies each and every allegation not heretofore specifically admitted.

## AFFIRMATIVE DEFENSES

1. All or a portion of Plaintiffs' claims may not state a cause of action upon which relief can be granted against the Town.

2. The Plaintiffs must prove that Title 5 is unconstitutional beyond a reasonable doubt.

3. The legislative acts of the Town are entitled to a presumption of constitutionality.

4. The Town has exercised its authority in a legally permissible manner.

5. Plaintiffs have failed to satisfy conditions precedent and/or have failed to exhaust administrative and/or state remedies.

**RESERVATION OF OTHER DEFENSES**

The Town reserves the right to assert other defenses which may be disclosed as discovery and investigation are accomplished and hereby request leave of court to amend the within Answer, if necessary, at a later date.

WHEREFORE, having fully answered the Plaintiffs' Complaint, the Town prays that the same be dismissed and denied and that the Town have judgment against the Plaintiffs for all costs herein expended, for expert witness fees, for attorney fees as provided by law and for such other and further relief as the Court may deem just and proper.

THE TOWN REQUESTS A TRIAL BY JURY OF ALL ISSUES CONTAINED HEREIN WHICH ARE SO TRIABLE.

DATED this 17th day of July, 2023.

*s/Nick Poppe*
J. Andrew Nathan
Ashley Hernandez-Schlagel
Nicholas C. Poppe
NATHAN DUMM & MAYER P. C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

  I hereby certify that on 17th day of July, 2023 I electronically filed the foregoing **PARTIAL ANSWER** using the CM/ECF system which will send notification of such filing to the following:

Jennifer M. McCallum, Ph.D., Esq.
The McCallum Law Firm, P.C.
685 Briggs Street
Erie, CO 80516
(303) 828-0655
jennifermccalum@mccallumlaw.net
katman@mccallumlaw.net
*Attorney for Plaintiffs*

              *s/Nick Poppe*
              J. Andrew Nathan
              Ashley Hernandez-Schlagel
              Nicholas C. Poppe
              Attorneys for Defendant
              NATHAN DUMM & MAYER P.C.
              7900 E. Union Avenue, Suite 600
              Denver, CO 80237-2776
              Telephone: (303) 691-3737
              Facsimile: (303) 757-5106
              ANathan@ndm-law.com
              ASchlagel@ndm-law.com
              NPoppe@ndm-law.com