# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01349-DDD-SBP

RICHARD GRIGSBY,
CHERYL GRIGSBY, AND
ROCKY MOUNTAIN MEMORIES, INC.
        Plaintiffs,

    v.

ESTES PARK, COLORADO, A COLORADO MUNICIPAL CORPORATION

        Defendant,

## SCHEDULING ORDER

**1. DATE OF CONFERENCE AND APPEARANCE OF COUNSEL**

A scheduling conference will be held on September 19, 2023, at 10:00 a.m. before Magistrate Judge Susan Prose. The following are counsel for the parties:

**For Plaintiff:**

Jennifer M. McCallum
The McCallum Law Firm, PC
<u>Physical Address</u>:
685 Briggs Street
Erie, CO 80516
<u>Mailing Address</u>:
P.O. Box 929
Erie, CO 80516
Telephone: (303) 828-0655
Email: jennifermccallum@mccallumlaw.net

**For Defendant:**

Ashley M. Hernandez-Schlagel
J. Andrew Nathan
Nicholas Christaan Poppe
Nathan Dumm & Mayer PC
7900 East Union Avenue
Denver Corporate Center III
Suite 600
Denver, CO 80237-2776
303-691-3737
Fax: 303-757-5106
Email: aschlagel@ndm-law.com
          anathan@ndm-law.com
          npoppe@ndm-law.com

## 2. STATEMENT OF JURISDICTION

The Parties agree that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff: Local Title 5 Business Regulations and Licensing of the Estes Park Municipal Code ("Title 5"), as recently amended by Ordinance 02-22 ("Ordinance 02-22") on March 22, 2022, is arbitrary, is a violation of Equal Protection and Due Process, on its face and as implemented, as it applies to homeowners in the Town, and is further a violation of Equal Protection, Due Process, the Contracts Clause, and the Commerce Clause as applied to Plaintiffs.

b.      Defendants: Like most mountain communities, the Town suffers from a shortage of affordable housing. That problem is exacerbated by homeowners who elect to utilize a home or condo for short-term rentals, which removes that property from the available supply of properties that can be rented to long-term residents. Because short-term rental operations benefit directly from the Town's tourism economy, but also impact the housing market given that people working to benefit the tourism economy in the town need affordable housing, the Town enacted

an annual linkage fee on each short-term rental property. The purpose of the fee is to defray the costs of mitigating the impact caused by short-term rental properties, mainly by providing funds to rehabilitate the Town's affordable housing market.

Plaintiffs paid the 2023 linkage fee for two of their rental cabins, but intentionally failed to pay the fee for the third cabin. Under the Town code, their license for Cabin #3 automatically lapsed upon the failure to pay the linkage fee.

Plaintiffs' six federal constitutional claims are not well founded, as the linkage fee easily passes rational basis review and is not a taking under the Fifth Amendment. With respect to Plaintiffs' state law claims, the Colorado Taxpayer Bill of Rights is not implicated by the linkage fee, as it only defrays the costs of mitigating the impact caused by vacation homes. *See Colorado Union of Taxpayers Foundation v. City of Aspen*, 2018 CO 36. The Town's linkage fee is also not preempted by state law, as the Town has the authority under Colorado law to regulate businesses within its jurisdiction. The Town has asserted a number of affirmative defenses in its Answer and incorporates those defenses herein.

**4. UNDISPUTED FACTS**

The following facts are undisputed:

a. The March 22, 2022 Ordinance 02-22 amendment to Title 5 imposed an annual "vacation home workforce housing regulatory linkage fee" (Section 5.20.120) in the amount of $1,390 on annual Vacation Home Rental Registrations (Section 5.20.030(6)).

b. The linkage fee provided in Ordinance 02-22 commenced January of 2023, with a planned adjustment annually for inflation.

c. The Section 5.20.120 Fee is only charged to those who rent their homes for 30 days or less.

3

    d. A "Workforce Housing Enterprise" is to administer the program and establish an Enterprise Fund (Section 5.21.060).  The Town's Municipal Code provides that the fee revenues be placed in a fund and may only be used to support the Town's workforce housing programs and policies.

    e. Defendant is a Colorado statutory town corporation, organized to provide local governance for the town of Estes Park. It is a local government as defined by Colo. Const. art. X, § 20(2)(b).

    f. Defendant commissioned a study by Root Policy Research entitled "Estes Valley Housing Needs Assessment & Strategic Plan."

    g. Plaintiffs Richard Grigsby and Cheryl Grigsby are the owners of property located at 260-264 East Riverside Drive, Estes Park, CO.

    h. On January 31, 2023, Plaintiffs Richard Grigsby and Cheryl Grigsby, through Rocky Mountain Memories, Inc., applied and paid the 2023 Vacation Home License and Section 5.20.120 Fee for Cabins #1 and #2).

## 5. COMPUTATION OF DAMAGES

<u>Plaintiffs' Statement:</u>  Plaintiffs seek a declaration that Title 5, as amended, to include the Title 5.20.120 Fee is unconstitutional on its face and as applied to all homeowners in the Town rendering it void; a declaration that Title 5, as amended, to include the Title 5.20.120 Fee violates Plaintiffs' rights under the United States and Colorado Constitutions; a preliminary and permanent injunction prohibiting Defendants from enforcing Title 5, as amended; or, in the alternative, Plaintiffs seek reinstatement of their Vacation Home Rental license upon payment of the Title 5.20.120 Fee.  Plaintiffs further seek reimbursement for the income lost as a result of Defendant's acts which are approximately $30,000, reimbursement for lost property value (in the

4

amount to be determined at trial through expert testimony), and an award of attorneys' fees, expert fees, and all other expenses reasonably incurred in the connection with this action.

<u>Defendant's Statement</u>: The Town does not currently seek damages, but reserves its right to seek attorney's fees and costs.

**6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

    a.    **Date of Rule 26(f) meeting:**

The Parties met telephonically on August 26, 2023.

    b.    **Names of each participant and party he/she represented.**

Jennifer McCallum, Ph.D., attorney for Plaintiffs; Nicholas Poppe and Ashley M. Hernandez-Schlagel, attorneys for Defendant.

    c.    **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The Parties agree that Rule 26(a)(1) disclosures will be made on or before September 12, 2023.

    d.    **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Neither party requests any changes to the requirements set forth in Rule 26(a)(1).

    e.    **Statement concerning any agreements to conduct informal discovery.**

The Parties have not agreed at this time to conduct informal discovery. The parties do not plan to conduct joint interviews with potential witnesses. To the extent the parties perceive that the exchange of certain financial documents may facilitate settlement, they may produce such documents on an informal basis, before or after the service of formal discovery requests.

    f.    **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to meet and confer regarding any discovery disputes. The parties will continue to explore the possibility of other such agreements or procedures as the case progresses. The parties agree to use a unified exhibit numbering system.

g.  **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

All electronically stored information shall be produced as searchable pdfs, in native format or concordance load files (.dat, .opt). Furthermore, if requested to do so, the parties agree to reproduce any relevant electronic files that cannot be readily converted to a usable image format (including Excel files, Access files, database records, audio files such as voice mail), and photo and video files in their native formats, retaining all metadata. In anticipation of litigation, the parties have taken reasonable steps to ensure the preservation of electronic data that may be relevant to the claims and defenses in this case. These steps include putting in place, and regularly ensuring compliance with, a "legal hold" to prevent the destruction of such data.

Should it be necessary given the documentation and/or information requested in written discovery, the parties agree to discuss appropriate search terms for searches of electronic database(s) in an effort to keep with the proportionality needs of this case.

h.  **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties certify that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. The parties intend to continue these discussions in an effort to see whether

6

early resolution of this matter is feasible, including whether the parties' efforts at settlement would be assisted by mediation with the Court or otherwise.

**7. CONSENT**

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

**8. DISCOVERY LIMITATIONS**

a. **Modification which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties do not propose to exceed the numerical limits set forth in the federal rules and set forth additional limitations below.

b. **Limitations which any party proposes on the length of depositions.**

Each deposition shall be limited to one day of seven hours, exclusive of breaks, as set forth by Rule 30(d)(1) unless the parties agree, or the Court orders, otherwise.

c. **Limitations which any party proposes on the number of deposition and discovery requests.**

The Parties shall be limited to 5 depositions per side, including any witness designated to serve as the 30(b)(6) deponent and experts. The Parties shall be limited to 25 interrogatories per side <u>including discrete subparts.</u>

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

45 days before discovery cut-off, unless otherwise agreed by the Parties.

e. **Other Planning or Discovery Orders.**

None.

9. **CASE PLAN AND SCHEDULE**

    a.    **Deadline for Joinder of Parties and Amendment of Pleadings:**

        September 30, 2023

    b.    **Discovery Cut-off:** March 18, 2024

    c.    **Dispositive Motion and Rule 702 Motion Deadline:** April 29, 2024

    d.    **Expert Witness Disclosure**

        1.    The parties shall identify anticipated fields of expert testimony, if any.

        Plaintiffs: Plaintiffs anticipate the need for experts in the field of constitutional law, affordable housing, statutory town authority, and real estate valuation. Plaintiffs further identifies any expert(s) necessary, including to rebut the Defendants' experts to the extent the testimony falls outside the experts identified herein.

        Defendant: The Town may disclose expert(s) in community planning and development and associated economic/statistical analysis. The Town may also identify expert(s) in rebuttal to Plaintiffs' experts, although the Town does not believe experts in "constitutional law" and "statutory town authority" would be consistent with the Federal Rules of Civil Procedure.

        2.    Limitations which the parties propose on the use or number of expert witnesses.

        Each side is limited to no more than three (3) total expert witnesses who are expected to testify at trial, absent leave of the court.

        3.    The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 22, ~~2023~~. 2024

    4.    The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) ~~within 30 days of the affirmative expert disclosure deadline.~~ on or before February 22, 2024.

In addition to the requirements set forth in Rule 26(a)(2)(B)(i)-(vi); the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e.    **Identification of Persons to Be Deposed:**

While the following list is preliminary and subject to change, the parties currently anticipate that at least the following individuals may be deposed:

Plaintiffs Identify:
  i. Richard Grigsby - 7 hours
  ii. Township officials to be determined – 7 hours
  iii. Representative of Root Policy Research – 7 hours

Town identifies:
  i. Richard Grigsby
  ii. Cheryl Grigsby

**10. DATES FOR FURTHER CONFERENCES**

    a.    ~~Status conference will be held in this case at the following dates and times:~~

        ~~_____~~

    b.    ~~A final pretrial conference will be held in this case on _____ at o'clock __ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than (7) days before the final pretrial conference.~~

Judge Domenico's Chambers will generally contact the parties to set a trial date and Final Pretrial Conference/Trial Preparation Conference date(s) after the dispositive motions deadline has passed, and the Court has issued rulings on all such motions.

9

**11. OTHER SCHEDULING MATTERS**

    a.    Identify those discovery or scheduling issues, if any, on which counsel after a food faith effort, were unable to reach an agreement.

    None.

    b.    Anticipated length of trial and whether trial is to the court or jury.

    4 days; Jury Trial Demanded.

**12. NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuance must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

**13. AMENDMENTS TO SCHEDULING ORDER**

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 19th day of September, 2023.

                            BY THE COURT:

                            Susan Prose
                            United States Magistrate Judge

APPROVED:

| | |
|---|---|
| *s/* Jennifer M. McCallum | *s/* Ashley Hernandez-Schlagel |
| Jennifer M. McCallum | J. Andrew Nathan |
| The McCallum Law Firm, PC | Ashley Hernandez-Schlagel |
| <u>Physical Address</u>: | Nicholas C. Poppe |
| 685 Briggs Street | NATHAN DUMM & MAYER P. C. |
| Erie, CO 80516 | 7900 E. Union Avenue, Suite 600 |
| <u>Mailing Address</u>: | Denver, CO 80237-2776 |
| P.O. Box 929 | Telephone: (303) 691-3737 |
| Erie, CO 80516 | Facsimile: (303) 757-5106 |
| Telephone: (303) 828-0655 | Email: aschlagel@ndm-law.com |
| Email: jennifermccallum@mccallumlaw.net | anathan@ndm-law.com |
| | npoppe@ndm-law.com |
| *Attorney for Plaintiffs Rick and Cheryl Grigsby And Rocky Mountain Memories, Inc.* | *Attorneys for Defendant Town of Estes Park* |

11