1

```
IN THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF COLORADO

Case No. 23-cv-01349-DDD-SBP
_____

RICHARD GRIGSBY, et al.,

     Plaintiffs,

vs.

ESTES PARK, Colorado, a Colorado Municipal Corporation,

     Defendant.
_____

         Proceedings before SUSAN PROSE, United States
Magistrate Judge, United States District Court for the
District of Colorado, commencing at 10:02 a.m., September
19, 2023, in the United States Courthouse, Denver, Colorado.
_____

         WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS
ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .
_____

                        APPEARANCES
         JENNIFER M. McCALLUM, Attorney at Law, appearing
for the Plaintiffs.
         ASHLEY M. HERNANDEZ-SCHLAGEL, Attorney at Law,
appearing for the Defendant.
_____

         TELEPHONIC STATUS and SCHEDULING CONFERENCE
```

1                     P R O C E E D I N G S

2              (Whereupon, the within electronically recorded

3    proceedings are herein transcribed, pursuant to order of

4    counsel.

5              THE COURT:  Good morning, everyone.  We're here in

6    Case Number 23-cv-1349, Richard Grigsby and other plaintiffs

7    vs. Estes Park, Colorado.  Let's begin with appearances,

8    please, beginning with counsel for plaintiff.

9              MS. McCALLUM:  Jennifer McCallum.

10             THE COURT:  Good morning to you, Ms. McCallum, and

11   thank you for being here in person.  Nice to see you.

12             MS. McCALLUM:  Thank you, Your Honor.

13             THE COURT:  And then who do we have on the line

14   for defendants, please?

15             MS. HERNANDEZ-SCHLAGEL:  Good morning, Your Honor.

16   Ashley Hernandez-Schlagel.

17             THE COURT:  Good morning to you, Ms. Schlagel, as

18   well.

19             So we're here today, folks, for a scheduling

20   conference.  I think we can make pretty short work of this

21   because you have submitted a proposed scheduling order.

22   Thank you, Counsel, to both of you for your excellent work

23   on that.  The Court appreciates it very much.

24             So let's begin with a couple of questions I have,

25   or really more a couple of points.  One thing we need to do,

 1  Counsel, and it's always -- I can tell you it is

 2  consistently overlooked and was overlooked by me very often

 3  just a few months ago when I was in practice, and that is

 4  that we need to set a 702 deadline, a deadline for Rule 702

 5  motions.  I don't think I saw one here, and so let's go

 6  right to our deadlines then.

 7          And, let's see, ordinarily we would see the 702

 8  deadline set, Counsel, maybe about 30 days after the

 9  rebuttal expert deadline, but in this instance, you know, I

10  mean, we do have some leeway here, Counsel, if you would

11  like to set it at another date.  Let's see what we've got

12  here.

13          Current we have our rebuttal deadline that the two

14  of you -- that, Counsel, the two of you have agreed to as,

15  let's see, it looks like it's -- well, you've got an

16  affirmative expert deadline of January 22, 2023, and then I

17  guess your -- your rebuttal deadline is going to be

18  approximately February 20 -- and it should be 2024, right,

19  folks?  It looks like we've got a typo in here.  I'm on page

20  8, by the way of your draft.

21          And so you've got your rebuttal deadline 30 days

22  after that.  That would be about February 22, 2024.  And

23  then you've got your discovery cutoff 30 days after that on

24  March 18, 2024.

25          So, you know, this actually brings up a question

1    that I do want to ask you, and that is, have you allowed

2    yourselves enough time after your rebuttal expert deadlines

3    to get your depositions taken before your discovery cutoff?

4    What do you think about that, Counsel?  Ms. McCallum, you're

5    here, so we'll start with you.  Have you -- do you have

6    enough time built in to get your discovery done?

7              MS. McCALLUM:  Your Honor, I feel comfortable with

8    30 days --

9              THE COURT:  Okay.

10             MS. McCALLUM:  -- because we're looking at very

11   few people and --

12             THE COURT:  Okay.

13             MS. McCALLUM:  -- we could get teed up ahead of

14   time and my thinking is be ready to go in that 30 days and

15   get them done.

16             THE COURT:  Okay.  Well, it certainly could be

17   done, and as you folks have pointed out in the scheduling

18   order, this doesn't seem to be an especially, shall we say,

19   expert intensive sort of case, does it?

20             And so -- so what -- counsel,

21   Ms. Hernandez-Schlagel, what do you think if your expert

22   rebuttal deadline is in effect, and it would be February

23   2020 -- and I want to write it in there.  We will right it

24   in the final version -- February 22, 2024, is this enough

25   time, do you think, to complete discovery with your current

1    discovery cutoff of, what is it, March 18?  What do you

2    think?

3              MS. HERNANDEZ-SCHLAGEL:  You know, I agree with

4    Ms. McCallum.  I think that we can do it and I think it will

5    honestly force counsel to be timely.

6              THE COURT:  Well, there is always that.  This is

7    why we have scheduling orders, right?  Yeah.

8              MS. HERNANDEZ-SCHLAGEL:  And our offices have

9    worked just fine together, so I think if there is any issue,

10   you know, in experts that's unavailable during that time, we

11   have something that we can't expect at this point, I don't

12   see any problem agreeing and asking the Court for either a

13   brief extension, if needed, for, you know --

14             THE COURT:  Sure.

15             MS. HERNANDEZ-SCHLAGEL:  -- (indiscernible).

16             THE COURT:  Well, and we can -- of course, we'll

17   talk about that if the time comes.  So let's do this first.

18   Then let's just make -- let's just clarify in the final

19   version scheduling order that the Court will enter, we'll

20   make certain to point out that February 22 of '24 is our

21   rebuttal deadline.  We'll leave the other deadlines that you

22   have suggested the same, and then let's -- let's do this.  I

23   mean, here is a choice I think -- I think you have open to

24   you.  You could do the Rule 702 motion deadline about 30

25   days after February 22 of next year and that would put you

1   at approximately March 22 of 2024, and that would be fine,

2   you could do that.

3          We could also, I think, push back our -- push back

4   the rebuttal deadline -- or excuse me, the Rule 702 deadline

5   and put it on the same day as your dispositive motion

6   deadline, which is April 29.  I'm open to that.  We have

7   to -- let's pick one or the other for your 702 motions,

8   either March 22, 2024 or make it the same as the MSJ

9   deadline April 29.

10         So, Counsel, preferences on this?  Ms. McCallum,

11  what do you think?

12         MS. McCALLUM:  Your Honor, I'm -- I'm perfectly

13  fine with February 22 and moving things along.

14         THE COURT:  Okay.  And so then your -- then your

15  deadline for filing your 702 motion or your objections to

16  experts, if any, that would make that then March 22, okay.

17         So -- so, Counsel --

18         MS. HERNANDEZ-SCHLAGEL:  I'm sorry, Your Honor.

19         THE COURT:  Please go ahead.

20         MS. HERNANDEZ-SCHLAGEL:  Yes, sorry.  I think that

21  if we could do the 702 or consider it at the same time of

22  dispositive motions, I think that that would give us time to

23  do expert depositions, if necessary, to get back, you know,

24  transcript, and then be able to do the 702 -- you know, a

25  more thorough 702 if needed.

1        THE COURT:  It does seem like, folks, the

2   transcript -- obtaining the transcripts and not having to do

3   it on an expedited basis for parties might be helpful.

4   Ms. McCallum, would you have a strong objection to putting

5   the 702 deadline contiguous with the dispositive motion

6   deadline and I make it August 29?  Would that be okay?

7        MS. McCALLUM:  Yes.

8        THE COURT:  Okay.  Let us -- let us do that then.

9   Okay.

10       With that, we've got that deadline that we needed

11  to add, and if you'll bear with me, Counsel, let me just

12  take a quick buzz here through the scheduling order as

13  you've proposed it.  Had just a couple of comments that I

14  wanted to make.  Just wanted to first check in with you,

15  Counsel, you had -- you did your Rule 26(a)(1)s on September

16  12.  Counsel, any issue from either one of you with regard

17  to those disclosures?  Did those get done and we're on track

18  here, Ms. McCallum?

19       MS. McCALLUM:  Yes.

20       THE COURT:  Okay.  And how about from your

21  perspective, Ms. Hernandez-Schlagel?  Everything good on the

22  26(a)(1)s?

23       MS. HERNANDEZ-SCHLAGEL:  We did

24  receive plaintiffs' pleading.  We have not received a

25  documentation yet.  We were going to confer with

Case No. 1:23-cv-01349-DDD-SBP   Document 26   filed 10/15/23   USDC Colorado   pg 8 of 17

8

1  Ms. McCallum on that.  I think my paralegal did that this

2  morning.  So we do have the pleading, but no documentation

3  yet.

4           THE COURT:  Okay.  Ms. McCallum, you may not have

5  seen that communication if you drove down this morning from

6  Erie, so --

7           MS. McCALLUM:  I have not.

8           THE COURT:  All right.  Ms. McCallum, do you have

9  some documents at this point that you -- that would be

10 appropriately disclosed under 26(a)(1)?

11          MS. McCALLUM:  Absolutely.

12          THE COURT:  Okay.

13          MS. McCALLUM:  Things are in the process of being

14 scanned and sent down there.

15          THE COURT:  Okay.  All right.  Well, I'll leave it

16 to you folks to further confer about that, but it sounds

17 like, Ms. Hernandez-Schlagel, that there -- that -- it

18 sounds like Ms. McCallum is getting the documents ready for

19 you, okay.  I'll leave it to you folks to further speak to

20 that issue.

21          All right.  So just kind of -- again, just paging

22 through here, folks, I note that you have chosen a limit of

23 five depositions per side, including experts, and a

24 potential 30(b)(6) -- and potential 30(b)(6) deponent

25 designated by the -- I guess designated by the City.  And

PATTERSON TRANSCRIPTION COMPANY
scheduling@pattersontranscription.com

9

1   that seems reasonable to me in this case.

2           We'll note here, folks, that it will be 25

3   interrogatories per side.  The Court will add the language,

4   including discrete subparts, pursuant to the rule.

5           All right.  We figured out our Rule 702 deadline,

6   so that's been added, and you've -- you've generally

7   described the fields of expert testimony, which seem

8   reasonable to the Court, three experts per -- three retained

9   experts, I guess, per side.  Is that what you intend, folks,

10  for your retained experts or three of any type, including --

11  is it Rule 38?  Now you're going to test my memory.  The

12  experts who are not -- who are not specifically retained.

13  Do you include -- (a)(2)(b) experts, I think.  Do you intend

14  to include all experts in the three per side?  Is that your

15  intention?

16          MS. McCALLUM:  I would hope we could do that.

17          THE COURT:  Yeah.  It seems reasonable.

18          MS. McCALLUM:  That's my goal.

19          THE COURT:  It seems reasonable.

20  Ms. Hernandez-Schlagel, do you see that differently?

21          MS. HERNANDEZ-SCHLAGEL:  No, Your Honor.  It was

22  going to be three total.

23          THE COURT:  Three total, okay.  We might put some

24  clarifying language in there just for a benchmark for you

25  moving forward then.  Thank you very much.

1          Okay.  Folks, in this case I see no reason to set

2     a status conference -- no reason, from my perspective, to

3     set a status conference, which would be before this Court

4     and not before Judge Domenico, say, 60 or 90 days out.

5     Having said that, if either party wishes to have such a

6     status conference, we can conduct it telephonically and I'm

7     happy to put one in the books, but I leave it -- I leave it

8     to you.  Ms. McCallum, do you see a need for a status

9     conference in the case right now?

10         MS. McCALLUM:  No.  As Ms. Schlagel has said, our

11    offices have worked well together.

12         THE COURT:  Okay.  Well, I appreciate that.  Ms.

13    Hernandez-Schlagel, do you see that differently?  Any reason

14    from the City's perspective to get anything on the books

15    there?

16         MS. HERNANDEZ-SCHLAGEL:  No, not at this time,

17    Your Honor.

18         THE COURT:  Okay, sounds good then.  Well, final

19    pretrial judge conference, Judge Domenico, of course, is

20    your assigned Article III judge.  Judge Domenico conducts

21    his own final pretrial conferences and so we will add some

22    language here under subsection 10, dates for further

23    conferences to that effect, so you will have that -- have

24    that information readily before you here in the scheduling

25    order.

11

1          You will -- as I understand his process, you will
2     be contact by Chambers after the dispositive motion deadline
3     passes.  If no dispositive motion is filed, ordinarily they
4     are, but if one is not, you'll hear from Chambers.
5          If a dispositive motion is filed, Judge Domenico
6     will not set the case for -- for a final pretrial conference
7     until after he issues a ruling on those dispositive motions,
8     okay.  So that's how that will go.
9          I had no other questions or comments for you.  I
10    do note that I think you are discussing a potential
11    settlement of the case and I just -- I do just want to let
12    you know, folks, the Court has settlement conference
13    procedures.  If you would like to avail yourself of those,
14    just let the Court know and I say that -- I always almost
15    hesitate to say that.  I do want you to know about them.  I
16    do want you to appreciate that I am always enthusiastic to
17    help parties attempt to settle their disputes, but I also
18    want you to know there is no pressure and you have many
19    mediation options on the private side, and I recognize that
20    might be your preference.  Just wanted to put that out.
21         With that, Counsel, the Court doesn't have any
22    other -- anything else to discuss with you, but I'm happy to
23    hear -- is there anything productively that the three of us
24    now that we're all together might productively discuss?
25         Ms. McCallum, anything on behalf of plaintiff?

1         MS. McCALLUM:  Not on behalf of plaintiff.  Thank
2    you for asking, Your Honor.
3         THE COURT:  Thank you.  Thank you for being here
4    Ms. McCallum.  And Ms. Hernandez-Schlagel, anything on
5    behalf of defendant that -- that you just sort of like to
6    talk briefly about while we're all here together?
7         MS. HERNANDEZ-SCHLAGEL:  Yes, Your Honor, just
8    briefly.  We did file a partial motion to dismiss, and I
9    know Judge Domenico referred motions to you, I believe, in
10   that order.  Is there -- is there anything you can tell us
11   or a process by which we should be hearing about our motion
12   to dismiss?  It is currently fully briefed.
13        THE COURT:  All right.  Let me do one thing.
14   Thank you for bringing that up, and let me do one thing
15   here, if you'll bear with me as I click onto our docket
16   sheet.
17        Folks, I'm having a little glitch with my
18   computer, so please bear with me.  Here we go.  I'm so
19   sorry.
20        MS. McCALLUM:  No worries.
21        THE COURT:  Well, for whatever reason, I'm not
22   able to get to the docket sheet right now, but I will figure
23   this out, folks.
24        MS. McCALLUM:  Your Honor, would you like to see
25   the pleading?  I have it with me.

```
 1            THE COURT:  No.  I don't -- I don't think so,
 2   Ms. McCallum.  Thank you for offering, but I am going to ask
 3   Ms. Smotts to give me a hand.  For whatever reason, I
 4   cannot -- I cannot get our docket sheet to pop up.  And I
 5   feel very stupid asking the question, but I am just sitting
 6   here spinning my wheels and I don't want to do that.
 7   Ms. Johnson, would you mind coming up and giving me a hand
 8   with this?
 9            I do not know why that the docket sheet I just had
10   up here two moments ago -- so I'm over, Ms. Johnson, I've
11   done the range thing already.
12            MS. McCALLUM:  Your Honor, it's document 13.
13            THE COURT:  Thank you, Johnson.  Thank you,
14   Ms. McCallum.  I'm sorry, I clicked out of something and
15   somehow I couldn't get back to docket sheet stupidly, but
16   here I am now.
17            So the partial motion was filed on the 17th of
18   July and then the reply filed on August 29.  Well,
19   Ms. Hernandez-Schlagel, in fact, it's not clear to me that
20   that motion is referred to me.  Are you looking -- I
21   realize -- are you looking at ECF Number 21?
22            MS. HERNANDEZ-SCHLAGEL:  Let me look that up, Your
23   Honor.  I just recall it off memory, it was when Judge
24   Domenico -- well, (indiscernible) it was the first order
25   after Judge Domenico became our Article III.
```

1          THE COURT:  Yeah.

2          MS. HERNANDEZ-SCHLAGEL:  And there was something

3    in there about referring all the motions.

4          THE COURT:  Yeah.  Well, let me -- let me explain

5    that.  Yes, that's docket entry Number 21.  That -- that,

6    Ms. Hernandez-Schlagel, is a standard order of referral.  So

7    this Court is referred all nondispositive motions, okay.

8          So Judge Domenico could, of course, separately

9    refer such a motion to this Court, but in this instance, at

10   least to date, it does not appear that he has.  So that

11   motion is going to be with Judge Domenico, okay.

12         And again, right now I've searched the docket

13   sheet, done a quick search for the word "refer," and that is

14   the only reference I see, but you'll note there,

15   Ms. Hernandez-Schlagel, that after, I think it's subsection

16   3 of that standard order, do you see there, pretrial

17   matters, including discovery and other nondispositive

18   motions, okay.

19         MS. HERNANDEZ-SCHLAGEL:  I'm sorry, Your Honor.

20         THE COURT:  Not at all.

21         MS. HERNANDEZ-SCHLAGEL:  That 4 -- on the very end

22   of Number 4, it says rulings on dispositive motion, but

23   maybe I'm reading that wrong.

24         THE COURT:  Well, I will -- I will tell you that

25   the way this kind of general order ordinarily is construed

15

1    is that this would require -- in order for -- in order for

2    us to rule on that motion or to submit a recommendation,

3    ordinarily we would see a separate referral for that motion.

4           Now, you make a good point.  I can run this

5    (indiscernible) and verify it, but right now I don't think

6    this motion is referred, so --

7           MS. HERNANDEZ-SCHLAGEL:  Okay, understood.

8           THE COURT:  Yeah.

9           MS. HERNANDEZ-SCHLAGEL:  I'm familiar with -- I'm

10   familiar with the general referral, so when I saw this, I

11   was like, you know, I'm glad we talked about it.

12          THE COURT:  Yeah.  Well, I'm glad you brought it

13   to the Court's attention too, but -- so let me say that in

14   light of -- in light of your point here, I will follow up,

15   but if I were -- if I were going to bet what the ultimate

16   conclusion here is, I'm thinking that Judge Domenico hasn't

17   referred this for recommendation.

18          Now, let me just say, Counsel, let me just give

19   you a sense of kind of how -- assuming that's correct, and I

20   think it is, let me give you a senses kind of timeframe

21   here.  Obviously, I don't -- I don't have -- I don't have

22   knowledge about specifics and where cases stand in Judge

23   Domenico's Chambers, and so I can't speak specifically.

24          I will tell you that dispositive motions now just

25   as a general matter in this Court, and Counsel, you probably

PATTERSON TRANSCRIPTION COMPANY
scheduling@pattersontranscription.com

1  are both aware, but I'll just remark kind of for the record

2  here, they are taking some months to get decided, and so I

3  will tell you that I expect that the same would be true here

4  and that the parties -- you know, if this is a -- if this is

5  an exception to this Court as a whole's very general, you

6  know, very heavy docket and my supposition is wrong, I'll

7  be -- I'll be delighted, I'll be delighted, but I don't

8  think there is likely to be a ruling on this motion.

9          So as you bear that in mind, as you move forward

10  with your litigation, you may wish to bear that in mind.  It

11  is a partial motion, I see.

12          MS. McCALLUM:  Yes, Your Honor.

13          MS. HERNANDEZ-SCHLAGEL:  Yes, Your Honor.

14          THE COURT:  Yeah.  Let me just take a quick look

15  here.  Well, okay.  Well, and partial or full, I suspect

16  that the same -- that the same time constraints would inform

17  the timing on that, okay.

18          So, all right.  Anything else from you,

19  Ms. Hernandez-Schlagel, on behalf of your client?

20          MS. HERNANDEZ-SCHLAGEL:  No, Your Honor, thank

21  you.

22          THE COURT:  All right.  Well, thank you very much,

23  Counsel.  And with that we'll be in recess on this case.

24  Thank you.

25          (Whereupon, the within hearing concluded at 10:27 a.m.)

```
 1
 2
 3              TRANSCRIBER'S CERTIFICATE
 4         I certify that the foregoing is a correct
 5   transcript, to the best of my knowledge and belief (pursuant
 6   to the quality of the recording) from the record of
 7   proceedings in the above-entitled matter.
 8
 9   /s/Dyann Labo                      October 9, 2023
10   Signature of Transcriber              Date
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```